UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELVIN LEE DAVIS,                )
                                 )
            Plaintiff,            )
                                 )
v.                               )   Civil Action No. 12-0676 (RLW)
                                 )
UNITED STATES OF AMERICA,         )
                                 )
            Defendant.            )

**MEMORANDUM OPINION**[1]

This matter is before the Court on the defendant's motion to dismiss. For the reasons discussed below, the motion will be granted.

I. BACKGROUND

It appears that the plaintiff assisted the government by providing testimony regarding an assault on a BOP staff member by inmates who were members of a gang. *See* Compl. at 3-4 (page numbers designated by ECF); Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 12. The plaintiff alleges that the Federal Bureau of Prisons ("BOP") transferred him to the Mississippi Department of Corrections ("MDOC"), which he describes as "an admitted

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* Fed. R. App. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

1

stronghold for the gangs." Compl. at 2.[2] This transfer to MDOC, he alleges, "placed [him] in harms [sic] way," id. at 3, by housing him among the "same gang membership" responsible for the assault on the BOP staff member. Id. at 4. Specifically, he states that, on October 30, 2011, while incarcerated at the Mississippi State Prison in Parchman, Mississippi, another inmate stabbed him with "a spear-like weapon" resulting in wounds to his left leg. Id. at 5. He claims that "BOP never informed the [MDOC] as to plaintiff's assistance and/or plaintiff's testimony, etc., and as such contributed to the stabbing and assaults upon [him]." Pl.'s Opp'n at 11 (parentheses removed). For the BOP's alleged negligence, see Compl. at 3, the plaintiff brings this action under the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. § 1346(b)(1) (conferring on district courts the "exclusive jurisdiction of civil actions on claims against the United States[] for money damages . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his . . . employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

## II. DISCUSSION

The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. See, e.g., Richards v. United States, 369 U.S. 1, 6 (1962). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). A viable claim under the FTCA requires that a claimant present his claim to the appropriate federal agency prior to filing a civil action in a federal district court. McNeil v. United States, 508 U.S.

---

[2] In June 2010, the Warden at the Administrative Maximum Security Institution (ADX) in Florence, Colorado, requested the plaintiff's re-designation to a non-federal facility. Def.'s Reply, Decl. of Romulo Armendariz ¶ 4. The request was approved, and MDOC was selected. Id. ¶¶ 1, 5.

106, 113 (1993); *Benoit v. U.S. Dep't of Agric.*, 608 F.3d 17, 20 (D.C. Cir. 2010) (stating that "that suits for damages against the United States under the common law must be brought pursuant to the limited waiver of sovereign immunity in the FTCA, which requires that the claimant have exhausted his administrative remedy before filing suit"); *see* 28 U.S.C. § 2675(a) (requiring presentation of a claim "for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . to the appropriate Federal agency" before a civil action may be filed). Thus, failure to comply with these administrative filing requirements deprives the district court of jurisdiction to consider the claim. *See Hammond v. Fed. Bureau of Prisons*, 740 F. Supp. 2d 105, 111 (D.D.C. 2010) (dismissing FTCA claim for lack of subject matter jurisdiction where plaintiff had not "established by a preponderance of the evidence that he administratively exhausted his FTCA claim with the BOP before commending this action").

The defendant moves to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction because the plaintiff failed to exhaust his administrative remedies before filing this lawsuit.[3] *See* Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 3-4. The defendant's declarant states that the plaintiff "has not filed an administrative tort claim with the BOP regarding any alleged assault or other incidents that may have occurred during his incarceration in the Mississippi Department of

---

[3] Because the Court finds that it lacks subject matter jurisdiction over plaintiff's FTCA claim, the defendant's motion to dismiss under Rule 12(b)(3) for improper venue, *see* Def.'s Mem. at 4-5, will be denied as moot.

Corrections." Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Def.'s Reply"), Ex. A (Decl. of Kevin Littlejohn ("Littlejohn II Decl.")) ¶ 7.[4]

The plaintiff responds by asserting that, on November 3, 2011, he "filed under the [FTCA] for monetary damages against the [BOP]," and mailed his claim to the BOP's North Central Regional Office in Kansas City, Kansas, with copies to BOP's Central Office in Washington, DC and to "the BOP's Montgomery Residential Office [in] Montgomery, Alabama." Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 3; *see id.*, Attach. A (Claim for Damage, Injury or Death). He alleges that, when he received no response, he sent a letter to the Director of the BOP on January 18, 2012 by certified mail. *Id.*; *see id.*, Attach. (Letter to Director's Office from plaintiff dated January 19, 2012). This letter was returned to him, and the envelope was "stamped . . . Not Deliverable As Addressed – Return to Sender – Unable to Forward." *Id.* at 3. In addition, the plaintiff discussed the assault with Alvin Speights, a Residential Reentry Manager at the BOP's Montgomery, Alabama Community Corrections Office and later sent Mr. Speights two letters.[5] *Id* at 5; *see id.*, Attach. D (correspondence between the plaintiff and Alvin Speights).

The plaintiff may have prepared a written FTCA claim, yet missing from his submissions is the required showing that the BOP actually received the claim. *See Bailey v. United States*, 642 F.2d 344, 346-47 (9th Cir. 1981) (mailing alone is not sufficient to comply with FTCA, as

---

[4] The BOP's declarant demonstrates that the plaintiff has filed two administrative claims against the BOP while in the BOP's custody. Both are property claims and neither claim "is based on the incident he describes" in his complaint. Def.'s Reply, Littlejohn II Decl. ¶ 4; *see id.*, Littlejohn II Decl. ¶¶ 5-6 & Attach. B-C; Def.s' Mem., Littlejohn Decl. ¶¶ 5-6 & Attach. C-D.

[5] According to Mr. Speights, the plaintiff "has not submitted any administrative tort claims pertaining to the incident at the Mississippi State Penitentiary to [him] or to [his] office." Def.'s Reply, Ex. B (Decl. of Alvin Speights) ¶ 3.

plaintiff is required to show that agency actually received the claim); *Crack v. United States*, 694 F. Supp. 1244, 1246-47 (E.D. Va. 1088) (same). The plaintiff does not state, for example, that he sent his claim to the North Central Regional Office by certified mail. Nor does he provide a receipt or other proof of mailing. Furthermore, the plaintiff's own submission shows that the certified letter intended for the BOP's Director was returned to him as undeliverable. The BOP cannot be expected to evaluate or settle a claim that it has not received, and informal complaints or requests to BOP staff do not suffice. *See, e.g., Grant v. Sec'y, U.S. Dep't of Veterans Affairs*, No. 03-5260, 2004 WL 287125, at *1 (D.C. Cir. Feb. 4, 2004) (per curiam) (rejecting appellant's argument "that his informal letter of complaint to the Director of the Veterans' Administration Medical Center was sufficient to satisfy the FTCA's administrative exhaustion requirement"); *Reisman v. Bullard*, 14 F. App'x 377, 379 (6th Cir. 2001) (finding that the plaintiffs had not exhausted administrative remedies where, "[a]lthough . . . [they] made many informal inquiries to the IRS and communicated their displeasure over the agency's audit of their income tax return, they did not establish that they ever filed a proper FTCA claim with the IRS or that such a claim was denied by the agency"); *Megna v. Food & Drug Admin.*, No. 08-1435, 2009 WL 749900, at *9 (E.D.N.Y. Mar. 27, 2009) (acknowledging "a report plaintiff made regarding Interferon 2a to the FDA's MedWatch program which allows voluntary reporting of adverse events and product problems by patients" but finding that "these types of informal inquiries or complaints are not sufficient to satisfy the FTCA exhaustion requirement"), *aff'd*, 377 F. App'x 113 (2d Cir. 2010); *see also Tanter v. Dep't of the Interior*, 432 F. Supp. 2d 58, 63 (D.D.C. 2006) (where defendants "offer a declaration stating that a search of DOI records produced no evidence of the plaintiff having filed an administrative charge," and where "the plaintiff has not contested these factual

allegations, the court treats them as conceded," the plaintiff had not exhausted administrative remedies prior to filing suit).

The plaintiff's failure to submit an administrative claim under the FTCA to the BOP prior to filing this lawsuit deprives this Court of subject matter jurisdiction. *See Henderson v. Ratner*, No. 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. June 7, 2010) (per curiam) (affirming dismissal of FTCA claim where "[a]ppellant failed to demonstrate that he exhausted his administrative remedies before filing suit in the district court"); *Hammond*, 740 F. Supp. 2d at 111; *see also Hurt v. Lappin*, 729 F. Supp. 2d 186, 190 (D.D.C. 2010) (dismissing premature FTCA claim which plaintiff had submitted to the BOP less than two months prior to filing civil action in district court).

## III. CONCLUSION

The Court will grant the defendant's motion to dismiss for lack of subject matter jurisdiction. An Order accompanies this Memorandum Opinion.

Date: May 10, 2013

Digitally signed by Judge Robert L. Wilkins
DN: cn=Judge Robert L. Wilkins, o=U.S. District Court, ou=Chambers of Honorable Robert L. Wilkins, email=RW@dc.uscourt.gov, c=US
Date: 2013.05.10 11:05:58 -04'00'

ROBERT L. WILKINS
United States District Judge